UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LM INSURANCE CORPORATION | CIVIL ACTION No. |
| VS. | |
| HARTFORD INSURANCE COMPANY<br>OF THE MIDWEST,<br>ACTION STEEL, LLC and<br>THOMAS SOULE | NOVEMBER 30, 2022 |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

PARTIES

    1.    The plaintiff LM Insurance Corporation is an insurance company organized under the laws of the State of Illinois, with its principle place of business in Boston, Massachusetts.

    2.    The defendant Hartford Insurance Company of the Midwest is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

    3.    The defendant Action Steel, LLC is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business in Colchester, Connecticut.

    4.    The defendant Thomas Soule is an individual who, upon information and belief, resides in South Glastonbury, Connecticut.

JURISDICTION AND VENUE

5.	This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §2201 and 28 U.S.C. §1332, in that there is diversity of citizenship and the matter in dispute, exclusive of interest and costs, has a value in excess of $75,000.

6.	Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the defendants are residents of the District of Connecticut and/or a substantial part of the events giving rise to the claim occurred in the District of Connecticut.

UNDERLYING CLAIM

7.	On or about November 26, 2021, the defendant Thomas Soule instituted a workers compensation claim, claim no. 300213709, against his employer, the defendant Action Steel, LLC [the Underlying Claim].

8.	The Underlying Claim was instituted by Mr. Soule by filing a Form 30C with the Connecticut Workers Compensation Commission, where his claim for benefits remains pending.

9.	During the time of Mr. Soule's employment with Action Steel, LLC, Mr. Soule worked both in Connecticut and in Massachusetts.

10.	During the time of Mr. Soule's employment with Action Steel, LLC, Action Steel, LLC had been issued a Workers Compensation and Employers Liability Insurance Policy by the defendant Hartford Insurance Company of the Midwest [Hartford Insurance].

11.	Hartford Insurance has responded to the Underlying Claim, but asserts that LM Insurance Company should be responding to the Underlying Claim in its place.

LM INSURANCE POLICY

12. The plaintiff LM Insurance Corporation issued a Workers Compensation and Employers Liability Insurance Policy, no. WA5-66D-067338-201, to Action Steel, LLC as the named insured, with a policy period from 6/1/2021 to 4/15/2023 [the LMIC Policy].

13. The LMIC Policy's Information Page includes the following:

*3.  Coverage*

    *A.  Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:   MA*

    *B.  Employers Liability Insurance: Part Two of the policy applies to work in each state listed Item 3.A, The limits of our liability under Part Two are:*

| | |
|---|---|
| *Bodily Injury by Accident  $* | *1,000,000  each accident* |
| *Bodily Injury by Disease   $* | *1,000,000  policy limit* |
| *Bodily Injury by Disease   $* | *1,000,000  each accident* |

    *C.  Other States Insurance: Part Three of the policy applies to the states, if any, listed here:   Not Applicable*

14. The LMIC Policy was issued as part of a Contractor Controlled Insurance Program [CCIP]. The Extension of Information Page identifies a Location of "Baystate Health HoF 2 Surgery Project Springfield: 759 Chestnut St. 01199".

15. The LMIC Policy form includes the following provisions:

GENERAL SECTION

**A.  The Policy**
*This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of*

3

> insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.
>
>                     \*      \*      \*
>
> **C.**    **Workers Compensation Law**
> Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.
>
>                     \*      \*      \*
>
> **PART ONE - WORKERS COMPENSATION INSURANCE**
> **A.**    **How This Insurance Applies**
> This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
> 1. Bodily injury by accident must occur during the policy period.
> 2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
>
> **B.**    **We Will Pay**
> We will pay promptly when due the benefits required of you by the workers compensation law.
>
> **C.**    **We Will Defend**
> We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits. We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

CLAIM

16. The LMIC Policy obligates LM Insurance Corporation to defend only a claim for benefits payable by the insurance, where the only benefits payable by the

insurance are benefits required by the "workers compensation law".

17. The LMIC Policy obligates LM Insurance Corporation to pay only the benefits required of Action Steel, LLC by the "workers compensation law".

18. The LMIC Policy defines the "workers compensation law" to be the workers compensation law of the State of Massachusetts, which is the only State listed in Item 3.A. of the Information Page.

19. The Underlying Claim pending before the Connecticut Workers Compensation Commission is not a claim for benefits required by the workers compensation law of the State of Massachusetts.

20. LM Insurance Corporation has no obligation to defend or indemnify Action Steel, LLC in response to the Underlying Claim.

CLAIM FOR RELIEF

WHEREFORE, the plaintiff LM Insurance Corporation prays for and demands:

1. A declaration that LM Insurance Corporation does not owe a duty to defend Action Steel LLC under policy no. WA5-66D-067338-201 with respect to the claim made by Thomas Soule pending before the Connecticut Workers Compensation Commission;

2. A declaration that LM Insurance Corporation does not owe a duty to indemnify Action Steel LLC under policy no. WA5-66D-067338-201 with respect to the claim made by Thomas Soule pending before the Connecticut Workers Compensation Commission;

3. Such other relief as in law or equity may appertain.

THE PLAINTIFF
LM INSURANCE CORPORATION


By:   /S/ Jack G. Steigelfest
Jack G. Steigelfest
Fed Bar No. ct 05733
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101
(860) 247-4201
jgs@hksflaw.com