# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

LM INSURANCE CORPORATION,
    *Plaintiff*,

v.

HARTFORD INSURANCE COMPANY OF
THE MIDWEST, ET AL.,
    *Defendants*.

No. 3:22-cv-1521 (VAB)

## RULING AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

Thomas Soule, a Defendant in this case and a member of the ironworkers' union, filed a workers compensation claim against his employer, Action Steel, with the Connecticut Workers Compensation Commission for injuries allegedly occurring while he was working in Connecticut and Massachusetts.

Action Steel, LLC ("Action Steel"), also a Defendant in this case, has insurance contracts with LM Insurance Corporation ("LM" or "Plaintiff") for work in Massachusetts and with Hartford Insurance Company ("Hartford Insurance" or "Defendant") for work in Connecticut. LM seeks a declaratory judgment that it has no duty to defend or indemnify Action Steel in response to Mr. Soule's workers compensation claim.

LM has moved for judgment on the pleadings, arguing that no factual issue exists as to whether its policy covers Mr. Soule's claim with the Connecticut Workers Compensation

Commission. *See* Mot. for J. on the Pleadings, ECF No. 21 ("Mot."); Mem. of L. in Support of

Mot. for J. on the Pleadings, ECF No. 21-1 ("Mem").

For the following reasons, LM's motion for judgment on the pleadings is **DENIED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Allegations

Thomas Soule, a member of the ironworkers' union, filed a workers compensation claim

against his employer, Action Steel, with the Connecticut Workers Compensation Commission for

injuries allegedly occurring while he was working in Connecticut and Massachusetts.

Action Steel has insurance contracts with LM in Massachusetts and with Hartford Insurance

Company in Connecticut. LM's insurance policy's Information Pages states the following:

> 3. Coverage
>
> A. Workers Compensation Insurance: Part One of the policy applies
> to the Workers Compensation Law of the states listed here: MA
>
> B. Employers Liability Insurance: Part Two of the policy applies to
> work in each state listed Item 3.A, . . .
>
> C. Other States Insurance: Part Three of the policy applies to the
> states, if any, listed here: Not Applicable

Mem. at 2–3. LM's Policy also includes the following provisions:

> GENERAL SECTION
>
> Workers Compensation Law
>
> Workers Compensation Law means the workers or workmen's
> compensation law and occupational disease law of each state or
> territory named in Item 3.A of the Information Page. It includes any
> amendments to that law which are in effect during the policy period.
> It does not include any federal workers or workmen's compensation
> law, any federal occupational disease law or the provisions of any law
> that provide nonoccupational disability benefits.

Mem. at 4. LM has moved for judgment on the pleadings, arguing that no factual issue exists as to whether its policy covers a claim with the Connecticut Workers Compensation Commission. *Id.* at 5.

Action Steel has filed a reply that takes no position as to whether LM or Hartford Insurance Company is ultimately responsible for covering Mr. Soule's claim, but it argues that the motion for judgment on the pleadings is not appropriate because unresolved factual issues exist regarding whether Mr. Soule's alleged injury or injuries occurred in Connecticut or Massachusetts and which state's law applies. Def. Action Steel. LLC's Reply to Pl. Mot. for J., ECF No. 26 ("Reply") at 1.

Hartford Insurance Company has filed an objection to LM's motion, arguing that the Court should deny the motion because the unresolved factual questions of where Mr. Soule's alleged injury or injuries occurred will affect which states' substantive and procedural law governs his claim. Mem. in Opp., ECF No. 27 ("Opp.") at 2.

### B.    Procedural History

On November 30, 2022, LM filed its Complaint. Compl., ECF No. 1.

On December 27, 2022, LM filed its Amended Complaint. Am. Compl., ECF No. 12.

On January 31, 2023, Action Steel filed its Answer to the Amended Complaint. Answer, ECF No. 16.

On March 31, 2023, LM moved for judgment on the pleadings. *See* Mot.; Mem.

On May 23, 2023, Action Steel filed a response to LM's motion for judgment. *See* Reply.

Also on May 23, 2023, Hartford Insurance Company filed a memorandum opposition to LM's motion for judgment. *See* Opp.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P.

3

12(c). In deciding a motion for judgment on the pleadings, the Court applies the same standard

applicable to motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Hayden*

*v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

As a result, the "complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Id.* A court must accept as true all factual

allegations in the complaint and draw all possible inferences from those allegations in favor of

the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d

Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002). The issue is not whether the plaintiff ultimately

will prevail, but whether the plaintiff has stated a claim upon which relief may be granted, such

that it should be entitled to offer evidence to support its claim. *See id.* (citation omitted).

While a court must accept as true the allegations in a complaint, this requirement "is

inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

"detailed factual allegations" are not required, a complaint must offer more than "labels and

conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked

assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In determining a motion for judgment on the pleadings under Federal Rule of Civil

Procedure 12(c), "the court may consider any of the pleadings, including the complaint, the

answer, and any written instruments attached to them." 2 Moore's Federal Practice 3D § 12.38

(2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining

that a court need not convert a motion to dismiss into a motion for summary judgment when it

considers "'any written instrument attached to [the complaint] as an exhibit or any statements or

documents incorporated in it by reference'" and noting that "[e]ven where a document is not

incorporated by reference, the court may nevertheless consider it where the complaint 'relies

4

heavily upon its terms and effect,' which renders the document 'integral' to the complaint")

(quoting *Int'l Audiotext Network, Inc. v. am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### III.    DISCUSSION

"In cases where jurisdiction is based on the diversity of the parties' citizenship, a federal

court will apply the choice-of-law rules of the forum state . . . ." *Bigio v. Coca-Cola Co.*, 675 F.3d

163, 169 (2d Cir. 2012). But this Court need not "embark on a choice-of-law analysis in the

absence of an actual conflict between the applicable rules of two relevant jurisdictions." *Fin. One*

*Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005). Here, no choice-of-

law analysis is necessary because there is no "actual conflict between the applicable rules of [the]

two relevant jurisdictions" of Massachusetts and Connecticut law. *Id.*

In Massachusetts, "[l]ike all contracts, if the language of an insurance policy is

unambiguous, then we construe the words 'in their usual and ordinary sense.'" *Boazova v. Safety*

*Ins. Co.*, 968 N.E.2d 385, 390 (Mass. 2012) (citing *Citation Ins. Co. v. Gomez,* 688 N.E.2d 951,

952–953 (Mass. 1998)). "When the policy language is ambiguous, 'doubts as to the intended

meaning of the words must be resolved against the insurance company that employed them and in

favor of the insured.'" *Id.* (citing *August A. Busch & Co. of Mass. v. Liberty Mut. Ins. Co.,* 158

N.E.2d 351, 353–354 (Mass. 1959)). "This rule of construction applies with particular force to

exclusionary provisions." *Hakim v. Massachusetts Insurers' Insolvency Fund*, 675 N.E.2d 1161,

1165 (Mass. 1997). "However, an ambiguity is not created simply because a controversy exists

between the parties, each favoring an interpretation contrary to the other." *Lumbermens Mut. Cas.*

*Co. v. Offices Unlimited, Inc.,* 645 N.E.2d 1165, 1168 (Mass. 1995).

Similarly, under Connecticut law, the terms of an insurance policy are "construed according

to the general rules of contract construction." *Liberty Mutual Ins. Co. v. Lone Star Indus.*, 967 A.2d

1, 21 (Conn. 2009) (internal citations and quotation marks omitted). While contracts are strictly

construed in favor of the insured, "the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." *Id.* at 22. Insurance contract "language should be construed in favor of the insured unless it has 'a high degree of certainty' that the policy language clearly and unambiguously excludes the claim." *Id.* (quoting *Kelly v. Figueiredo*, 610 A.2d 1296, 1299 (1992)). Courts should construe insurance contracts as laypeople would. *See Kim v. State Farm Fire & Cas. Ins. Co.*, No. 17-2304-CV, 2018 WL 4847195, at *1 (2d Cir. Oct. 5, 2018) (summary order) (citing *Vt. Mut. Ins. Co. v. Walukiewwicz*, 966 A.2d 672, 678 (Conn. 2009)) (internal citations and quotation marks omitted).

"The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." *Flint v. Universal Machine Co.*, 679 A.2d 929, 934 (Conn. 1996) (quoting *Smedley Co. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 123 A.2d 755, 758–59 (Conn. 1956)). "If an allegation of the complaint falls even *possibly* within the coverage, then the insurance company must defend the insured." *Schwartz v. Stevenson*, 657 A.2d 244, 247 (Conn. App. 1995) (citing *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750 (2d Cir. 1949)). "Although policy exclusions are strictly construed in favor of the insured, 'the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous.'" *Moore v. Cont'l Cas. Co.*, 746 A.2d 1252, 1254 (Conn. 2000) (citing *Heyman Associates No. 1 v. Ins. Co. of Pennsylvania*, 653 A.2d 122, 130 (Conn. 1995) and quoting *Pacific Indemnity Ins. Co. v. Aetna Casualty & Surety Co.*, 688 A.2d 319, 321 (Conn. 1997)).

LM argues that their insurance policy with Action Steele only obligates them to defend a claim for benefits required by the "workers compensation law." Mem. at 5. They argue that "workers compensation law" is the workers compensation law of the State of Massachusetts because that is the

only state listed on the Information Page. *Id.* Since Mr. Soule's underlying workers compensation claim is pending before the Connecticut Workers Compensation Commission, it is "not a claim for benefits required by the workers compensation law of the State of Massachusetts." *Id.* at 5–6.

Hartford Insurance opposes LM's motion, arguing that "there are material facts to be attained through discovery, which will affect the parties' claims and defenses." Opp. at 1. It argues that facts surrounding Mr. Soule's injury will affect which states' substantive and procedural law governs his claims. *Id.* at 2. Mr. Soule presented a repetitive trauma injury on a construction project in the State of Massachusetts, and Hartford Insurance anticipates evidence that such trauma occurred in both Connecticut and Massachusetts. *Id.* Hartford Insurance argues that under Action Steele's policies of insurance with both LM and Hartford Insurance, the law of Massachusetts, including its choice of law doctrine, applies to Mr. Soule's injury claim. *Id.* The "frequency of Thomas Soule's employment in Massachusetts and the location of his injury, and the project where he was injured rendered and still render the Massachusetts workers compensation forum and substantive law available" to the Mr. Soule. *Id.* at 2–3. Hartford Insurance argues that, as a matter of law, it cannot be said that Massachusetts law does not apply and that the law of either Connecticut or Massachusetts, or both, could be applicable to Mr. Soule's claim. *Id.* at 3.

Hartford Insurance also argues that contrary to LM's arguments citing *Miller Bros. Const. Co. v. Maryland Cas. Co*., 155 A. 709 (1931), Connecticut courts have not actually decided whether project-specific policies for work in one state remain in force where the employee chooses forum in his own state of residence. Opp. at 8. It also claims that "[t]here is a split of authority among courts nationwide as to the interpretation of the applicable policy language regarding the definition of workers compensation law and the meaning of the 'states listed' provisions." *Id.* at 10.

Action Steele does not take a position on whether LM or Hartford Insurance is ultimately required to cover Mr. Soule's claim, but they argue that judgment on the pleadings alone is

inappropriate because there is information currently known that triggers duties to defend by both

LM and Harford Insurance and that "there are issues of material fact as to the date and location of

Thomas Soule's injury, which could alter the duties of both insurers." Reply at 1. Action Steel

points out that, according to Mr. Soule's deposition—which was taken after LM moved for

judgment on the pleadings—he was assigned to work for Action Steel on a project in

Massachusetts from approximately July 1, 2020, until December 3, 2021, and that he is currently

receiving unemployment benefits from Massachusetts because he had been working in

Massachusetts when he qualified for the benefits. *Id.* at 2. They argue that these facts suggest that

Mr. Soule's claim for workers' compensation benefits could fall within the scope of coverage

under LM's policy. *Id.* at 6.

      The Court agrees.

      LM's motion for judgment is premature. While the already alleged facts are not in dispute,

Opp. at 3, the location and manifestation of Mr. Soule's injury are not entirely known. *Id*. The date

of the claim, however, occurred when he was working on a project in Massachusetts. *Id.* Consequently,

Massachusetts law may apply here. Even assuming Connecticut law will apply, in *Miller Bros.*

*Const. Co*., the Connecticut Supreme Court had before it a fully developed record on the question of

liability because the case had gone to trial. *See id.* at 710–11 ("De Gray, a Connecticut man who was

working in Connecticut under a contract made in Connecticut and under the provisions of the

Connecticut Compensation Law, was the man sent to operate the machine. He was injured fourteen

days after reaching there, and while operating this machine. When sent to Vermont, De Gray's name

was not removed from the plaintiff's pay roll, and, when injured, he was considered as still in the

plaintiff's employ. He was transferred to Vermont, quite obviously as a temporary expedient, and

continued his work there under his Connecticut contract 'which contemplated services in this State

and in whatever other State he might be sent in pursuance of the business of the respondent

8

employer.' It was upon this state of facts that the [workers compensation] commissioner based his right to make the award, a jurisdiction which is conceded by the Indemnity Company upon this appeal.").

Without this more developed record on where Mr. Soule's injury or injuries occurred, the issue of which state's law applies cannot yet be determined. And this is true under both Connecticut and Massachusetts law. *Compare Springer v. J.B. Transp., Inc*., 77 A.3d 179, 192–93 (Conn. App. 2013) ("[A] determination regarding the relationship between Connecticut and the decedent's employment relation required an investigation into the decedent's miles traveled to, from and within Connecticut") *and Jaiguay v. Vasquez*, 948 A.2d 955, 970 (Conn. 2008) ("[D]epending on the facts and circumstances of the work-related injury and the nature and place of the employment contract and relationship, more than one state may have a legitimate interest in having an injured employee compensated under the applicable workers' compensation statutes.") *and Cleveland v. U.S. Printing Ink, Inc*., 588 A.2d 194, 200 (Conn. 1991) ("In the majority of states, the local statute will be applied if the place of injury, or the place of hiring, or the place of employment relation is within the state." (quoting the National Commission on State Workmen's Compensation Laws)) *with Mendes's Case*, 156 N.E.3d 188, 195 (Mass. 2020) ("We hold, therefore, that jurisdiction to adjudicate workers' compensation claims lies in Massachusetts where there are sufficient significant contacts between the Commonwealth and the employment such that the employment can be said to be located in the Commonwealth.").

As a result, regardless of which state's law ultimately applies, more facts must be developed in this case, making a judgment on the pleadings inappropriate.

Accordingly, LM's motion for judgement on the pleading will be **DENIED**.

**IV.     CONCLUSION**

For the foregoing reasons, LM's motion for judgment on the pleadings is **DENIED**.

**SO ORDERED** this 22nd day of March, 2024, at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge
